UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOMINIQUE NAYLON, et al., ) | |
| ) | |
| Plaintiffs, ) | 3:08-cv-00625-LRH-WGC |
| ) | |
| v. ) | |
| ) | TEMPORARY RESTRAINING ORDER |
| JOHN WITTRIG, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is Plaintiffs' Motion for Temporary Restraining Order (#122)[1] to enjoin the Individual Defendants and their agents, successors or any other party from further modifying the Plaintiffs' rights in the promissory note or deed of trust in the Geothermal Property.

The same substantive legal standard applies to both temporary restraining orders and preliminary injunctions sought pursuant to Rule 65. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis applied to temporary restraining orders and preliminary injunctions is "substantially identical"). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376

---

[1] The motion also contains a consolidated motion for a preliminary injunction, which has been separately docketed (*see* Doc. #123). This order addresses only the motion for temporary restraining order.

(2008). A court may grant such relief only upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. *Id.* at 374.

A temporary restraining order is distinguished by its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974); *see also* FED. R. CIV. P. 65(b) (limiting temporary restraining orders to 14 days unless extended for good cause, and providing for expedited hearings on preliminary injunctions). "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

Plaintiffs assert that Defendants are again attempting to modify the Geothermal Note and Deed of Trust in their favor by amending the property rights of Plaintiffs without their consent, including by reducing payments and extending maturity. According to Plaintiffs' submissions, a request for loan modification was sent to all investors on May 23, 2012, Plaintiff Dominique Naylon received the request in the mail on May 29, 2012, and Naylon responded by rejecting the terms of the proposed loan modification. The loan modification request also indicates, however, that the loan will be modified if and when the proposal is accepted by investors holding at least 51% of the funds invested, and that the proposal would be effective starting "in June 2012."

Having considered Plaintiffs' pro se motion and related submissions, the court finds that Plaintiffs have made a sufficient showing to warrant a temporary restraining order preserving the status quo and supporting an expedited hearing. The court shall therefore grant the Motion for

1  Temporary Restraining Order.  Recognizing the apparent urgency of the situation, however, the
2  court shall expedite the briefing and hearing schedule on the accompanying Motion for Preliminary
3  Injunction.
4      IT IS THEREFORE ORDERED that Plaintiffs' Motion for Temporary Restraining Order
5  (#122) is GRANTED. Defendants shall be, and hereby are, prohibited from modifying the
6  Promissory Note and Short Form Deed of Trust and Assignment of Rents in the principal sum of
7  four hundred fifty thousand dollars ($450,000.00) in favor of Plaintiffs and executed by Defendant
8  Geothermal Rail on July 29, 2005.
9      IT IS FURTHER ORDERED that Defendants shall have seven (7) days to respond to
10 Plaintiffs' Motion for Preliminary Injunction (#123), and Plaintiffs shall have three (3) days to
11 reply.  A hearing on the motion is scheduled for Tuesday, June 19, 2012 at 10:00 a.m.
12     IT IS SO ORDERED.
13     DATED this 4th day of June, 2012, at 11:45 am.

                                                          _____
                                                          LARRY R. HICKS
                                                          UNITED STATES DISTRICT JUDGE